UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CAMERON FOSTER, | ) |
| | ) |
| Movant, | ) |
| | ) |
| vs. | ) No. 4:05CV662-DJS |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## ORDER

In Cause No. 4:02CR381-DJS, movant Cameron Foster was found guilty by a jury of possession of approximately 21 grams of cocaine base with intent to distribute, in violation of 21 U.S.C. §841(a)(1) and punishable under §841(b)(1)(B). On February 21, 2003, the Court sentenced movant to 162 months' imprisonment, to be followed by an eight-year term of supervised release. The conviction was affirmed on direct appeal. Now before the Court is movant's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. §2255.

Movant states as Ground One of his motion that his counsel was ineffective for failing to object to the Court's initial instruction concerning the reading back of testimony and later failing to urge the Court to grant the jurors' request during deliberations to review the testimony of Officer Ehnes and Mynique Steward. The Court's pretrial instructions to the jury advised:

> At the end of the trial you must make your decision based
> upon what you recall of the evidence.  You will not have
> a written transcript to consult, and it may not be
> practical for the court reporter to read back lengthy
> testimony.  You must pay close attention to the testimony
> as it's given.

Movant's Exhibit A [Doc. #1.1], p.1, ℓℓ.14-19.

During deliberations, the jury sent out a note requesting to review the transcript of the testimony of Officer "Ennis" concerning "Events between arrival behind vehicle on Academy and arrest of defendant," and the testimony of "Q" (Mynique Steward) concerning the "same time period."  Movant's Exhibit B [Doc. #1.1], p.2.  In response, the Court sent the jury a note which read:

> To the Jury:
> No transcript of the trial testimony that you requested
> is available.  You must make your decision based on what
> you recall of the evidence.

Movant's Exhibit C [Doc. #1.1], p.3.  Police Officer Michael Ehnes and defendant's acquaintance Mynique Steward gave contrary testimony at trial concerning plaintiff's engaging in drug deals along the street where defendant and Steward sat in a car.

To prevail on a claim of ineffective assistance of counsel, petitioner must show that his counsel's performance was deficient as a matter of constitutional law and that petitioner was prejudiced by the deficient performance. <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984). A constitutionally deficient performance is one that falls "outside the wide range of professionally competent assistance." <u>Id</u>. at 690.  A defendant is prejudiced by deficient performance if "there is a reasonable probability that,

2

but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id. at 694.  The Court readily concludes that counsel's failure to make the arguments movant now urges did not constitute deficient performance.

Neither the Court's pretrial instruction nor its response to the jury's inquiry was objectionable, and therefore counsel's failure to object was not substandard performance on which to base an ineffective assistance claim.  The Court's pretrial instruction did not categorically rule out the reading back of portions of testimony, but was indisputably accurate in advising the jury that a transcript would not be available and that lengthy read-backs would not be practical.  Encouraging the jurors to play close attention as the testimony is given, rather than encouraging false and unworkable reliance on later review of the testimony, was entirely appropriate, and any objection to the instruction would have been overruled.

Similarly, the Court's response to the jury accurately advised them that no transcript was available. Because the jury specifically requested a transcript, which was literally unavailable as the transcript had not yet been prepared and did not exist, the request could not in fact be granted.  The brief description of the testimony requested by the jury suggests lengthy portions of the trial testimony were wanted, and potentially from both direct and cross-examination of each of the two witnesses.  To have such lengthy portions of testimony read back to the jury is

3

exactly the impractical scenario referenced and warned against in the Court's pretrial instruction.  Such requests are committed to the Court's discretion.  See, e.g., United States v. Haren, 952 F.2d 190, 197 (8th Cir. 1991), and cases cited therein.  The Court's refusal of the jury's request was entirely within its discretion, and any objection to it by defense counsel would have been rejected.  Therefore, counsel's failure to argue against the Court's response was not deficient performance or professionally incompetent.

Movant's Ground Two is his claim that trial counsel was ineffective for failing to put the government to its burden of proof at sentencing.  More specifically, movant argues that his counsel was deficient for failing to argue that the government had not proved that the entire weight of the drugs at issue was "crack cocaine."  The government's evidence at trial clearly supported a finding that the more than 21 grams of drugs was cocaine base.  The statutory sentencing minimum of 10 years pursuant to 21 U.S.C. §841(b)(1)(B) (in view of movant's prior drug felonies) was based on the quantity of "cocaine base" rather than a determination that the drugs were "crack cocaine."

The Sentencing Guidelines base offense level pursuant to §2D1.1(c)(6) was also based on the quantity of "cocaine base," but that in turn is defined as a form of cocaine base "usually appearing in a lumpy, rocklike form."  U.S.S.G. §2D1.1(c), Note (D).  The testimony at trial described the substance as being in

4

"chunks" or rock form. Transcript [Doc. #72], Vol. 1, p.45, ℓ.21-p.46, ℓ.6; p.55, ℓ.11-p.56, ℓ.1; p.91, ℓℓ. 15-20. The chemical analysis of the substance was found to be cocaine base. Id. at p.111, ℓ.23-p.115, ℓ.1. Cocaine base in the rock form, as opposed to coca paste or some other form of cocaine base, is crack cocaine within the meaning of the Sentencing Guidelines. United States v. Stewart, 122 F.3d 625, 628 (8th Cir. 1997). The testimony of the seizing police officer supports the finding. Transcript [Doc. #72], Vol. 1, p.91, ℓ.20; United States v. Goodson, 165 F.3d 610, 615 (8th Cir. 1999); United States v. Covington, 133 F.3d 639, 644 (8th Cir. 1998). Movant fails to demonstrate that his counsel rendered deficient performance on this issue.[1]

In addition, as in Lemon v. United States, 335 F.3d 1095, 1096 (8th Cir. 2003), "a reasonable trial strategy in which counsel sought to disprove the element of possession rather than the drug type" does not ineffective assistance make. Furthermore, no prejudice followed where the government's evidence amply demonstrated that movant possessed cocaine base in rock form, "which is all that is necessary for the...statutory minimum sentence" and for the Guidelines base offense level. Id. No likelihood of a different sentencing computation is demonstrated if

---

[1] Because the Court is not persuaded that discovery of the laboratory reports could or would affect the Court's analysis of the issue under the applicable law, the Court does not find good cause for allowing discovery under Rule 6(a) of the Rules Governing Section 2255 Proceedings. The motion to invoke process of discovery [Doc. #4] will therefore be denied.

trial counsel had objected to the showing that the drugs constituted crack cocaine base.

Accordingly, for all the foregoing reasons and upon careful consideration of the record, including as necessary the underlying criminal file, the Court is convinced that the file and record of the case conclusively show that movant is not entitled to relief. Accordingly, no evidentiary hearing will be had, and the instant motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. §2255 will be denied by a judgment entered separately herein this day.

**IT IS HEREBY ORDERED** that movant's motion to invoke process of discovery available under the Federal Rules of Civil Procedure [Doc. #4] is denied.

Dated this ___3rd___ day of October, 2005.

/s/Donald J. Stohr
UNITED STATES DISTRICT JUDGE